assets and property of defendant Royal Development Co. within the State of New York.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

EDWARD C. KOSINSKY, Respondent, v. THE CITY SCHOOL DISTRICT OF THE CITY OF HORNELL et al., Appellants.— All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

PAUL BOCHINSKI, as Administrator of the Estate of TILLIE BOCHINSKA, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— All concur. (The judgment affirms a judgment of the Buffalo City Court in favor of plaintiff in an action under a life insurance policy. The order is the order of affirmance.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

RUTH TOPHAM, Appellant, v. GERALD L. REITZ, Respondent All concur, except Taylor and Harris, JJ., who dissent and vote for affirmance. (The judgment is for plaintiff in an automobile negligence action. The order denies plaintiff's motion for a new trial on the ground of inadequacy.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK ROSA, Appellant, against JOSEPH H. BROPHY, as Warden of Auburn State Prison, et al., Respondents.— All concur. (The order dismisses a petition of the prisoner to compel the Warden and the Compensation Board to act.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

## (November 18, 1942.)

NORTHERN NEW YORK POWER CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 726-A).— All concur. (The portion of the judgment appealed from adjudges the waiver and release of claimant's predecessor to be valid, determines the rights of the parties as to their water rights, and dismisses the counterclaim of the State for excess water used.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of WAYNE COUNTY PRODUCE CO., INC., Appellant. H. C. HEMINGWAY & COMPANY, Respondent.— All concur. (The order denies defendant's motion for change of venue.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Will of IRENE L. McCOY, Deceased. DAISEY M. DUNN, Appellant; ESTELLE M. WETZEL, Respondent.—

All concur. (One order denies objectant's motion for an examination of proponent before trial; the second order denies a reargument of the motion.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Will of Irene L. McCoy, Deceased. Daisey M. Dunn, Appellant; Estelle M. Wetzel, Respondent.—

All concur. (The order denies objectant's motion to compel proponent or her attorneys to produce for discovery and inspection certain papers.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

Robert F. Osborn, Respondent, v. Nellie B. Skinner, Appellant.— All concur. (The order denies defendant's motion for a disallowance of costs and allows a taxation of costs in favor of plaintiff.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

Charles M. Gorman, Respondent, v. Harold L. Schaefer, Inc., Appellant.— All concur, except McCurn, J., who dissents and votes for reversal and for granting a new trial. (The judgment is for plaintiff in an action to recover commissions. Two orders deny defendant's motions to dismiss and the third order denies a motion for a new trial.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

Board of Supervisors of the County of Monroe, Appellant, v. Tomack Subsidiary, Inc., et al., Respondents.— All concur. (The order confirms the report of the Commissioners and makes an award to the defendant Tomack Subsidiary, Inc., in a condemnation proceeding.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

Automobile Finance Co., Appellant, v. Hazel M. Holmes, Respondent.— Memorandum: We think that the complaint should have been dismissed for failure to state a cause of action. The note and the agreement of guaranty were executed and delivered simultaneously and constituted but one instrument and they should be construed together and an action should have been brought on both instruments. (See Federal Credit Bureau, Inc., v. Zelkor Dining Car Corp., 238 App. Div. 379; Manufacturers Trust Co. v. Steinhardt, 265 N. Y. 145; Colonial Discount Company, Inc., v. Rumens, 249 App. Div. 736; affd., 274 N. Y. 612; Rogers v. Smith, 47 N. Y. 324.) The judgment should be modified by striking out the words "on the merits" and by substituting in place thereof the words "for failure to state a cause of action but without prejudice to the right of the plaintiff to bring a new action on the agreement and the note." All concur. (The judgment dismisses the complaint in an action on a promissory note.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

Weeks Motor Corporation, Respondent, v. Frank Lester, Appellant.—